# Akemon et al. v. Harlan-Wallins Coal Corp. et al.

May 19, 1950.

J. J. Tye, Judge.

C. A. Noble for appellants.

James Sampson for appellees.

CLAY, COMMISSIONER—Affirming.

The dependents of a deceased employee filed an application for compensation before the Workmen's Compensation Board. On the recommendation of the referee, and after a full Board review, the claim was dismissed. The Circuit Court affirmed this ruling. The only question presented is whether or not the Board had before it substantial evidence upon which to base its finding that the employee's death was not the result of an injury he admittedly received.

On September 20, 1946, the employee was injured when a rock from the roof of a coal mine fell on him. He was severely bruised and was taken home. There is some question about whether or not he received medical attention that day, but the next day he was sent to the hospital. X-rays indicated he had received a fracture of the right leg. A cast was put on this member, and a day or two later he was sent home.

On October 2 the Company doctor was called, and upon arrival found the employee in an unconscious state. The physician diagnosed the condition as a diabetic coma. The patient was immediately sent to the hospital, and died the next morning. Examination at the hospital showed extreme diabetic symptoms. The three doctors who had seen the employee agreed that the cause of death was diabetes, and not the traumatic injury he had received thirteen days before.

Appellants argue that since the employee had never suffered any sickness up until the time of the accident, and since he died soon after receiving the severe injury, it must follow that the injury caused the death. While this surmise might be correct, we are faced with the fact that the only medical evidence is directly to the contrary. The Board based its finding on the testimony

of physicians that the employee died as the result of a condition not attributable to the accident. This proof was substantial, and the decision of the board on the question must be accepted by us as conclusive.

The judgment is affirmed.